UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| JOHNNY FRANKLIN MCCARTER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GREENE COUNTY, DAN ) <br> ARMSTRONG, and CLERK OF THE ) <br> COURT, ) <br> Defendants. ) | No. 2:19-CV-83-HSM-MCLC |

## **MEMORANDUM & ORDER**

The Court is in receipt of a pro se prisoner's complaint for violation of 42 U.S.C. § 1983 [Doc. 2] and a motion for leave to proceed *in forma pauperis* [Doc. 1].

It appears from the motion for leave to proceed *in forma pauperis* [*Id.*] that Plaintiff lacks sufficient financial resources to pay the filing fee. Accordingly, pursuant to 28 U.S.C. § 1915, this motion [*Id.*] is **GRANTED**.

Because Plaintiff is an inmate in the Greene County Detention Center, he is **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit to the Clerk, U.S. District Court, 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this memorandum and order to the custodian of inmate accounts at the institution where

Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

I. Screening Standard

Under the Prisoner Litigation Reform Act ("PLRA"), district courts must screen prisoner complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915(A); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Courts liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In order to state a claim under 42 U.S.C. § 1983, a plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) (stating that "Section 1983 . . . creates a right of action for the vindication of constitutional guarantees found elsewhere").

## II. Analysis

Plaintiff contends that Dan Armstrong and the Clerk of the Court failed to file his "dismiss detainer" in a timely manner [Doc. 2 p. 3]. As a result, he asserts that he "was not in court with [his] 180-day period for a speedy trial" [*Id*. at 4]. Plaintiff requests to be given time served and be released [*Id*.].

First, it is apparent from the complaint that Plaintiff does not assert that his sentence has been miscalculated, but rather that paperwork regarding his criminal trial was untimely filed through no fault of his own . In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that an action for damages for an alleged unconstitutional conviction or for "harm caused by actions whose unlawfulness would render a state conviction or sentence invalid" cannot be maintained unless the prisoner can show that his conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486–87. In other words, "§ 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement" are not considered "appropriate vehicles for challenging the validity of outstanding criminal judgments." *Id*. at 486. The *Heck* rule extends to claims for injunctive relief where a favorable judgment would necessarily imply the invalidity of a prisoner's sentence. *See Wilkinson v. Dotson*, 544 U.S. 81–82 (2005) (holding that "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration"). Thus, any such

claim must be asserted under 28 U.S.C. § 2254. *See id*. at 78 (noting that "a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement but instead must seek federal habeas corpus relief"); *see also Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (finding that a claim attacking the duration of a state prisoner's confinement must be raised in a § 2254 petition); *Allen v. Campbell*, No. 98-6595194, 1999 WL 1000833, *1 (6th Cir. Oct. 28 , 1999) (holding that a § 2254 proceeding was the proper action in which to address a claim that state sentence reduction credits have been misapplied). Here, Plaintiff requests that he be given time served and released, thus attacking the duration of his confinement. This request for relief must be raised in a § 2254 proceeding.

Although pro se litigants are treated to less stringent pleading formalities, courts still require such litigants to meet basic pleading standards. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Sixth Circuit squarely has held that, absent warning, a district court may not recharacterize an action filed under 42 U.S.C. § 1983 as an action under 28 U.S.C. § 2254. *See Martin v. Overton*, 391 F.3d 710, 713 (6th Cir. 2004) (citing *In re Shelton*, No. 295 F.3d 620, 622 (6th Cir. 2002)). *Moore v. Pemberton*, 110 F.3d 22, 23-24 (7th Cir. 1997) (reasons for not construing a § 1983 action as one seeking habeas relief include (1) potential application of *Heck v. Humphrey*, 512 U.S. 477 (1994), (2) differing defendants, (3) differing standards of § 1915(a)(3) and § 2253(c), (4) differing fee requirements, (5) potential application of second or successive petition doctrine or three-strikes rules of § 1915(g)).

In sum, the Court finds that Plaintiff must seek the relief requested in his complaint through means of a habeas corpus petition. Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted.

**III.    Conclusion**

Based on the above, Plaintiff's complaint fails to state a claim upon which relief may be granted under § 1983 and this action will therefore be **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

          */s/ Harry S. Mattice, Jr.*
    HARRY S. MATTICE, JR.
    UNITED STATES DISTRICT JUDGE